MEMORANDUM OF DECISION RE MOTION TO PRECLUDE VISITATION
This memorandum of decision addresses the oral motion of the minor child, Jose, to preclude visitation with his biological father, Mr. R. After initially objecting to an earlier motion by biological father for visitation, the petitioner Department of Children and Families (DCF) has now decided to offer Mr. R. an opportunity for visitation, to which the attorney for the minor child objected. The court agreed to treat the objection as a motion to preclude the visitation. After hearing evidence on the oral objection/motion to preclude, the court sustains the objection and grants the motion to preclude visitation, for the reasons stated below.
In a petition filed with the court on June 30, 1999, DCF has alleged as grounds for terminating Mr. R's parental rights allege that he has abandoned his child and has no on-going parent child relationship. On December 20, 1999, Dr. Anita Silva, Ph.D. conducted a court-ordered evaluation of interaction between Mr. R. and Jose. Dr. Silva then recommended that DCF allow further visitation between the Mr. R. and Jose to explore the possibility of developing a closer relationship between the two. As a result of that recommendation, Mr. R. moved for court-ordered visitation, to which DCF initially objected, although it later decided to allow visitation.
DCF proposes to hire an independent psychologist not currently involved in this case, who would conduct a two-hour interview on November 10 with Mr. R., a two-hour interview on November 17 of Jose with his foster father, and then a two-hour interactional session on December 1 between Mr. R. and Jose. The psychologist would conduct and supervise all the sessions, and would permit continuation from one session to the next only if not harmful to Jose. The psychologist would conclude at the end of the December 1St session whether to permit additional visitation between Mr. R and Jose, and if so how to handle it.
At the hearing on the motion, Dr. Silva testified that based on her observation of the December 20 interaction between father and son, she believed that Mr. R. was committed to having a relationship with Jose, was appropriate in his affect and behavior and ought to have an opportunity to develop a closer relationship with his son. She testified that thus recommended that such efforts be made.
Despite Dr. Silva's recommendation, however, the court finds the testimony of the child's therapist, Ada Rodriguez compelling and persuasive. Ms. Rodriguez, a licensed professional counselor employed at the Wheeler Clinic, has been Jose's therapist for two periods since the beginning of this year, from February to April, and from August to November. She testified that when Jose is under stress he reacts with aggression towards others, agitation and disorganization. Jose has had CT Page 13625 two such periods of acting out in the school-setting this year, the first beginning after the December 1999 interactional session between father and son. These problems have not spread to the foster home. She testified that since DCF's permanency plan is for adoption by the current foster father, beginning visits now with Mr. R. could be confusing to Jose. She is concerned that such confusion could lead to aggressive acting out behavior in the foster home that would jeopardize his placement there. The court also found credible the testimony of the guardian ad litem, Attorney Marsha McCormick, who believes that there is serious potential for harm to Jose from allowing visitation with Mr. R. at this state of proceedings
From the testimony it is clear that Jose has had a difficult life. The Wheeler Clinic has diagnosed him as suffering from post-traumatic stress disorder. He is currently placed in a stable foster home where he does well, with a nurturing foster father. Under the DCF visitation plan, the psychologist would decide whether to allow further visitation at the end of the December 1 session, which would not provide an opportunity to assess the impact of the that visit on Jose's behavior at school and elsewhere. Until such time as the court has ruled on whether the state meets its burden of proof in the adjudicatory stage of the termination petitions against both parents, the court concludes it is not in Jose's best interest, based on the plan that DCF presented to the court, to allow the visits as proposed by DCF.
Accordingly, the court grants the motion to preclude the visitation proposed by the petitioner.
SO ORDERED.
BY THE COURT
STEPHEN F. FRAZZINI JUDGE OF THE SUPERIOR COURT